UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM E. FRANKE, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:11CV1860 JCH |
| ) | |
| ROBERT P. GREENE, ) | |
| ) | |
| Defendant(s). ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff William E. Franke's Motion for Summary Judgment, filed May 14, 2012. (ECF No. 33). The motion is fully briefed and ready for disposition.

**BACKGROUND**

Plaintiff William E. Franke ("Franke") is a resident of Virginia. (First Amended Complaint ("Compl."), ¶ 2). Defendant Robert P. Greene ("Greene") is a resident of Missouri. (Id., ¶ 3). Franke is the founder, President, Chief Executive Officer, and owner of Gannon International, a Missouri corporation with a family of affiliated corporations, partnerships, and joint ventures around the world. (Id., ¶ 6). Greene was an employee of Gannon International at its principal place of business in St. Louis County. (Id., ¶ 7).

Sometime prior to May, 2007, Greene approached Franke with a request for a loan in the amount of $750,000. (Compl., ¶¶ 8, 9). The stated purpose of the loan was to "bridge the gap on building [Greene's] house from now until the final financing this summer." (Id., ¶ 9, quoting attached Exh. B). Greene told Franke that he would pay back the loan using proceeds from the refinancing of his new personal residence, which was under construction at the time. (Id.). Greene further

assured Franke that, "[i]n the event the final loan amount falls short of my target I will sell personal investments to cover any short fall." (Id.).

On or about May 4, 2007, Greene executed and delivered a promissory note in the original principal amount of $750,000, in favor of Franke (the "Promissory Note"). (Compl., ¶ 8, citing attached Exh. A). Franke alleges as follows with respect to the Promissory Note: (1) that pursuant to the Promissory Note, Franke extended credit in the amount of $750,000 to Greene; (2) that over time, the amount owed under the Promissory Note was partially paid down; (3) that subsequently, additional funds were extended by Franke to Greene under the Promissory Note; and (4) that the Promissory Note thus was a revolving note, which covered all monies borrowed from Franke by Greene, as Greene attempted to satisfy his financial obligations. (Id., ¶ 10).[1] According to Franke, in January, 2009, Franke informed Greene that he would not agree to loan additional funds to Greene under the Promissory Note. (Id., ¶ 15).

Greene resigned from his position with Gannon International on March 2, 2010. (Compl., ¶ 7). On October 26, 2011, Franke filed his original Complaint in this matter. (ECF No. 1). In his First Amended Complaint, Franke seeks payment on the amount allegedly still owed under the Promissory Note, together with interest and attorneys' fees and costs. As stated above, Franke filed the instant Motion for Summary Judgment on May 14, 2012, claiming there exist no genuine issues of material fact, and Franke is entitled to judgment as a matter of law on his claim. (ECF No. 33).

## SUMMARY JUDGMENT STANDARD

The Court may grant a motion for summary judgment if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

---

[1] Greene denies the allegations contained in Paragraph 10 of Franke's First Amended Complaint. (See Defendant/Counterclaim Plaintiff's Amended Answer, ¶ 10).

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive law determines which facts are critical and which are irrelevant. Only disputes over facts that might affect the outcome will properly preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id.

A moving party always bears the burden of informing the Court of the basis of its motion. Celotex, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 247. The nonmoving party may not rest upon mere allegations or denials of its pleadings. Anderson, 477 U.S. at 256.

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in its favor. Anderson, 477 U.S. at 255. The Court's function is not to weigh the evidence, but to determine whether there is a genuine issue for trial. Id. at 249.

**DISCUSSION**

Under Missouri law, "[t]he elements in an action on a promissory note are: the existence of a valid promissory note signed by the maker; a remaining balance due on the note; and a demand on the maker for payment has been made and refused, leaving the maker in default." The Business Bank of St. Louis v. Apollo Investments, Inc., 366 S.W.3d 76, 80 (Mo.App. 2012) (citing Mobley v. Baker, 72 S.W.3d 251, 257 (Mo.App. 2002)). In his Motion for Summary Judgment, Franke claims (a) that on or about May 4, 2007, Greene, as Maker, executed the Promissory Note in favor of

Franke, as Payee, in the original principal amount of $750,000; (b) that a balance of $563,530.14 (including $396,000 in principal and $167,530.14 in interest) remains due on the Promissory Note, and (c) that despite Franke's demand that Greene satisfy his obligations under the Promissory Note, Greene has refused and continues to refuse to satisfy those obligations. (Plaintiff's Memorandum of Law in Support of Motion for Summary Judgment, PP. 2-3). As support for his position, Franke offers only the Promissory Note itself, and affidavits from John W. Shipley and David W. Weygandt, in which they attest as to the amounts allegedly due, and to the fact that Greene allegedly admitted he owes the principal amount at issue.[2]

With his response to Franke's Motion for Summary Judgment Greene provides an affidavit, in which he states in relevant part as follows:

> 5. First and foremost, I do not currently owe $396,000 in principal on the promissory note that is the subject of Franke's motion (the "Note"). The statements by Mr. Shipley and Mr. Weygandt that I owed this principal amount are wrong....
>
> 12. At the aforesaid meetings [between Greene and Shipley, Weygandt and Troy Gordon on March 22, July 1, and August 12, 2010], I never agreed that I owe the principal amount of $396,000 on the Note, and I never agreed that I owed any interest on the Note. This purported calculation of principal and interest due ignores payment made on the Note and credits due to me.

(Declaration of Robert P. Greene, ECF No. 44-1). Upon consideration of the foregoing, the Court finds genuine issues of material fact remain as to whether Greene owes on the Promissory Note in

---

[2] Neither Shipley nor Weygandt provide any documentation or evidentiary support for their calculations as to the amounts due. With his reply memorandum, Franke attempts to bolster their assertions by pointing to an earlier affidavit filed by Shipley. The Court agrees with Greene, however, that (a) this earlier affidavit, filed with the Court over three months prior to the filing of the instant motion and in connection with an entirely different motion, was not part of the summary judgment record presented to Greene and to the Court, and (b) the earlier affidavit in no way resolves the remaining factual issues.

the first instance, and if so, the amount of any such debt. Franke's Motion for Summary Judgment must therefore be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 33) is **DENIED**.

Dated this 13th day of August, 2012.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE