UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM E. FRANKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:11CV1860 JCH |
| | ) | |
| ROBERT P. GREENE, | ) | |
| | ) | |
| Defendant/Counterclaim | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| WILLIAM E. FRANKE, | ) | |
| | ) | |
| Plaintiff/Counterclaim | ) | |
| Defendant, | ) | |
| | ) | |
| and GANNON INTERNATIONAL, LTD., | ) | |
| | ) | |
| Counterclaim Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff William E. Franke's Motion for Attorneys' Fees,
filed March 18, 2013.  (ECF No. 195).  The motion is fully briefed and ready for disposition.

## BACKGROUND

Plaintiff William E. Franke ("Franke") is the founder, President, Chief Executive Officer,
and owner of Gannon International, a Missouri corporation with a family of affiliated corporations,
partnerships, and joint ventures around the world.  Defendant Robert P. Greene ("Greene") was an
employee of Gannon International at its principal place of business in St. Louis County, until he
resigned from his position on March 2, 2010.

On or about May 4, 2007, Greene executed and delivered a promissory note in the original

principal amount of $750,000, in favor of Franke (the "Promissory Note").  Franke alleged as follows with respect to the Promissory Note:  (1) that pursuant to the Promissory Note, Franke extended credit in the amount of $750,000 to Greene; (2) that over time, the amount owed under the Promissory Note was partially paid down; (3) that subsequently, additional funds were extended by Franke to Greene under the Promissory Note; and (4) that the Promissory Note thus was a revolving note, which covered all monies borrowed from Franke by Greene, as Greene attempted to satisfy his financial obligations.

Franke filed his original Complaint in this matter on October 26, 2011.  In his Second Amended Complaint, Franke sought payment on the principal and unpaid interest allegedly still owed under the Promissory Note, in the amount of $531,524.66, plus attorneys' fees.  Franke further asserted claims for breach of contract and unjust enrichment.

On September 24, 2012, Greene filed his Answer, Affirmative Defenses, and Counterclaims to Franke's Second Amended Complaint.  Greene's seventh affirmative defense stated as follows: "In the event Plaintiff recovers on his claims herein, said recovery must be reduced in whole or in part to account for amounts owed by Franke to Greene as alleged in the counterclaims below, and in other litigation pending between the parties."  With respect to his counterclaims, Greene added Gannon International as a Defendant, and alleged Franke and Gannon International breached both a profit sharing contract and a consulting fee contract between the parties.[1]

This matter proceeded to a jury trial on March 4, 2013.  The jury was instructed on Franke's breach of contract claim, for the original $750,000.00 loaned to Greene by Franke on May 4, 2007; Franke's breach of contract claim for the $70,000.00 loaned to Greene by Franke on July 30, 2008;

---

[1] Greene also asserted claims for quantum meruit/unjust enrichment, tortious interference with contract or business expectancy (against Franke only), and fraud in the inducement.

Franke's breach of contract claim for the $38,000.00 loaned to Greene by Franke on November 25, 2008; Franke's breach of contract claim for the $38,000.00 loaned to Greene by Franke on January 1, 2009; Greene's breach of profit sharing contract claim against Gannon International; Greene's breach of consulting fee contract claim against Gannon International; Greene's quantum meruit/unjust enrichment claim against Gannon International; Greene's tortious interference with contract or business expectancy claim against Franke, relating to profit sharing; and Greene's tortious interference with contract or business expectancy claim against Franke, relating to consulting services.  On March 8, 2013, the jury returned the following verdicts:

1)   In favor of Franke on Franke's breach of contract claim for the original $750,000.00 loaned to Greene by Franke on May 4, 2007, with damages set at $357,253.00;

2)   In favor of Franke on Franke's breach of contract claim for the $70,000.00 loaned to Greene by Franke on July 30, 2008, with damages set at $84,528.00;

3)   In favor of Franke on Franke's breach of contract claim for the $38,000.00 loaned to Greene by Franke on November 25, 2008, with damages set at $45,032.00;

4)   In favor of Franke on Franke's breach of contract claim for the $38,000.00 loaned to Greene by Franke on January 1, 2009, with damages set at $44,762.00;

5)   In favor of Greene on Greene's breach of profit sharing contract claim against Gannon International, with damages set at $274,238.00;

6)   In favor of Greene on Greene's breach of consulting fee contract claim against Gannon International, with damages set at $12,900.00;

7)   In favor of Gannon International on Greene's quantum meruit/unjust enrichment claim against Gannon International, for the value of consulting services furnished but not compensated;

8)   In favor of Franke on Greene's tortious interference with contract or business expectancy claim against Franke, relating to profit sharing; and

9)   In favor of Franke on Greene's tortious interference with contract or business

expectancy claim against Franke, relating to consulting services.

As noted above, Franke filed the instant Motion for Attorneys' Fees on March 18, 2013. (ECF No. 195).  In his motion, Franke requests attorneys' fees in the amount of $249,212.49 as to the law firm of McCarthy, Leonard & Kaemmerer, L.C., and $10,407.50 as to the law firm of Dowd Bennett, LLP.  Greene objects both to the motion seeking attorneys' fees in its entirety, and to specific requests therein.  (ECF No. 213).

## DISCUSSION

## I.  Was Franke Required To Submit The Issue Of Attorneys' Fees To The Jury?

In his Memorandum in Opposition to Franke's Motion for Attorneys' Fees, Greene first asserts the issue of Franke's entitlement to attorneys' fees was a legal one, triable to the jury. (Defendant/Counterclaim Plaintiff Robert Greene's Memorandum in Opposition to Motion for Attorneys' Fees ("Greene's Opp."), PP. 3-5).  In reply, Franke maintains Greene waived any complaint as to how Franke's claim for attorneys' fees was handled, as his counsel stipulated to the Court that the issue would be addressed by the Court after the jury returned its verdicts.  (Reply to Greene's Memorandum in Opposition to Plaintiff/Counterclaim Defendant William E. Franke's Motion for Attorneys' Fees ("Franke's Reply"), PP. 2-3).  As support for his position, Franke attaches an excerpted transcript of the trial proceedings, in which the following exchange took place:

> THE COURT:  Okay.  Then anybody have motions?
>
> MR. McGOVERN (Franke's attorney):  The last issue we would have, just wanted to make sure we're on the same page with this, in lieu of putting on anything with attorneys's fees now with the promissory note, we would wait to see what the verdict would be.  I told Andrew [Buchanan, Greene's attorney] that we would then take that up with the Court after that time.
>
> THE COURT:  That's fine with me.  Is it fine with you?
>
> MR. BUCHANAN:  That's fine.

(Franke's Reply, attached Exh. 1, P. 3). Under these circumstances, the Court agrees that Greene waived any right to insist that the issue of attorneys' fees be presented to the jury.

**II.** **Did Franke Forfeit His Entitlement To Attorneys' Fees By Instigating This Litigation?**

Greene next asserts that Franke is not entitled to attorneys' fees in this matter, because his refusal to honor the profit sharing obligation to Greene was the cause of the litigation. (Greene's Opp., PP. 5-7). Upon consideration, the Court agrees with Franke that Greene's alleged entitlement to profit sharing was a separate claim against Gannon International, and thus in no way impacted Franke's right to pursue the instant litigation. This point is denied.

**III.** **Did Franke Overstate The Attorneys' Fees Incurred In Connection With The Promissory Note?**

**A.** **2008 And 2009 Loans**

Greene next asserts that Franke cannot recover attorneys' fees for collection efforts in connection with the $70,000, $38,000, and $38,000 loans from 2008 and 2009, because those loans were not subject to the Promissory Note or the attorneys' fees provision contained therein. (Greene's Opp., PP. 8-9). The Court's review of the record, however, reveals evidence the jury concluded the later loans were subject to the Promissory Note. Specifically, the Court notes that the jury awarded 7% interest on those amounts through July 17, 2011, even though that rate was specified nowhere other than in the Promissory Note itself.[2] Under these circumstances, the Court will not reduce Franke's claim for attorneys' fees by amounts incurred in attempting to collect on the 2008 and 2009 loans.

**B.** **Profit Sharing And Consulting Fee Claims**

---

[2] The Court recognizes the jury did not award the requested 10% default interest from July 18, 2011, through March 4, 2013, but concludes that because a number of grounds could explain the discrepancy, this fact does not defeat Franke's claim for attorneys' fees with respect to the later loans.

Greene next asserts Franke cannot recover for attorneys' fees he incurred in defending and then losing Greene's profit sharing and consulting fee claims, as those claims were not covered by the Promissory Note.  (Greene's Opp., PP. 9-10).  Greene cites to *Harris v. Union Elec. Co.*, 766 S.W.2d 80, 89 (Mo. 1989), for the proposition that "[w]here the claim to attorneys' fees is based upon a contract, the court must adhere to the terms of the contract and may not go beyond it."  (Id., P. 10).

In response, Franke asserts he is not seeking attorneys' fees based on the counterclaims themselves; rather, Franke maintains he, "seeks these attorneys' fees based on his success on his promissory note claim as that success involved defeating the affirmative defenses raised by Greene to his claim on the promissory note, one of which was that any recovery by Franke had to be reduced in whole or in part by amounts claimed by Greene in his counterclaims."  (Franke's Reply, P. 9).  Franke thus asserts that because the counterclaims were asserted as an affirmative defense against Franke's claim on the Promissory Note, "fees incurred in connection with these counterclaims are inextricably intertwined with collection under the note."  (Id.).

Upon consideration, the Court rejects Franke's assertion that the counterclaims were "inextricably intertwined" with Franke's claim on the Promissory Note, as it runs counter to the position Franke took throughout this litigation.  In other words, as noted by Greene, Franke vigorously argued against offsetting the profit sharing obligation allegedly owed by Gannon International to Greene from the loan obligations owed by Greene to Franke, on the ground that Franke and Gannon International were different parties.  The Court eventually adopted this position as well, disallowing the presentation of evidence at trial on Greene's theories of offset, alter ego, and

- 6 -

piercing the corporate veil.[3]  Thus, at Franke's request the Court treated Greene's counterclaims as entirely separate from Franke's claim under the Promissory Note.  As such, the claims are not subject to the attorneys' fees provision contained within the Promissory Note, and so those portions of Franke's Motion for Attorneys' Fees relating to time spent on the counterclaims must be denied.[4]

## IV.    Amount Of Attorneys' Fees To Which Franke Is Entitled

"The starting point for determining a reasonable attorney fee is to multiply the number of hours reasonably expended on the litigation by a reasonable hourly rate."  *Copeland v. ABB, Inc.*, 2006 WL 2356140 at *1 (W.D. Mo. Aug. 15, 2006), citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  "This figure is often referred to as the 'lodestar.'"  *Id.* (citation omitted).  Under Eighth Circuit law, "[t]he onus is on the party seeking the award to provide evidence of the hours worked and the rate claimed," and "[t]he district court should exclude hours that were not reasonably expended."  *Wheeler v. Missouri Highway & Transp. Com'n*, 348 F.3d 744, 754 (8th Cir. 2003), citing *Hensley*, 461 U.S. at 433, 434, *cert. denied*, 541 U.S. 1043 (2004).

In his response, Greene does not dispute the reasonableness of the requested hourly rates. As held above, however, the Court will exclude those time entries that relate to Franke's defense of Greene's counterclaims, rather than his effort to enforce the terms of the Promissory Note.

Upon review of Franke's submissions, the Court notes that the Affidavit of Brian E. McGovern in Support of Franke's Motion for Attorneys' Fees is heavily redacted, rendering a

---

[3] The Court further denied Greene's motion for leave to file second amended counterclaims, incorporating more explicitly his theory of offset, and refused to submit to the jury Greene's proffered instructions relating to the issue of offset.  (*See* ECF Nos. 184, 186, 189).

[4] Greene's seventh affirmative defense does not change the Court's determination, as the Court finds that rather than asserting an independent defense to Franke's claims, this provision merely incorporated Greene's asserted counterclaims.

meaningful determination of appropriate fees difficult, if not impossible.[5]  Furthermore, at times Mr. McGovern failed to provide sufficient detail in his entries to permit the Court to ascertain whether the time expended was devoted to enforcement of the Promissory Note.  In those circumstances the Court disallowed the entries, because the onus was on Franke to provide evidence of his entitlement to fees.  *See Wheeler*, 348 F.3d at 754.  In accordance with the foregoing, the Court will grant Franke's Motion for Attorneys' Fees in part, and award fees as follows:

To the law firm of Dowd Bennett, LLP:                      $10,380.00

To the law firm of McCarthy, Leonard & Kaemmerer, L.C.:   $17,506.00

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff William E. Franke's Motion for Attorneys' Fees (ECF No. 195) is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that Franke's Motion for Attorneys' Fees is **GRANTED** to the extent that the Court will order Greene to pay attorneys' fees in the amount of $10,380.00 to the law firm of Dowd Bennett, LLP, and in the amount of $17,506.00 to the law firm of McCarthy, Leonard & Kaemmerer, L.C.  Franke's motion is **DENIED** in all other respects.

Dated this 11th day of September, 2013.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[5] At no time did Franke ask the Court to engage in an *in camera* review of his attorneys' time records.